Ben A. Snipes
Ross T. Johnson
KOVACICH SNIPES JOHNSON, P.C.
P.O. Box 2325
Great Falls, MT  59403
(406) 761-5595
ben@mttriallawyers.com
ross@mttriallawyers.com

Michael J. McKeon, Jr.
McKEON LAW, PLLC
P.O. 3329
Butte, MT 59701
(406) 494-8890
michael@themckeonlaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WALTER YOCHIM, | CAUSE NO. _____ |
| Plaintiff, | |
| vs. | **COMPLAINT AND JURY DEMAND** |
| ENGINEERED STRUCTURES, INC.; and DOES 1-10, Inclusive, | |
| Defendants. | |

COMES NOW Plaintiff, demanding trial by jury, and for his complaint against the Defendants, alleges as follows:

## PARTIES

**1.**

Plaintiff, Walter Yochim, is a citizen and resident of Butte, Silver Bow County, Montana.

**2.**

Defendant Engineered Structures, Inc. (ESI), is a for profit corporation organized under the laws of Idaho, and has conducted the business of constructing commercial buildings in the state of Montana. ESI's agent for service of process is located in Missoula County, Montana.

**3.**

The true names and capacities of the Defendants named herein as Does 1-10, Inclusive, are unknown to Plaintiff, who therefore brings this action against said Defendants by such fictitious names. Plaintiff will seek leave to amend the Complaint to state the true names and capacities of Does 1-10, Inclusive, when the same have been ascertained, together with further appropriate charging allegations. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were caused by said Defendants' acts or omissions. Defendant Does 1-10, Inclusive, are natural persons, corporations,

partnerships, joint ventures, or other legal entities who negligently and/or unlawfully caused or contributed to Plaintiff's damages as herein alleged.

## JURISDICTION AND VENUE

**4.**

This Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a), because this is a civil action between citizens of different states and a citizen of a foreign state where the matter in controversy exceeds $75,000, exclusive of interest and costs.

**5.**

Plaintiff is a citizen of Montana and ESI is a citizen of Idaho.

**6.**

Plaintiff seeks damages which substantially exceed $75,000.

**7.**

Venue is proper in the Missoula division of this Court because ESI is a corporation incorporated in a state other than Montana, and ESI's registered agent for service of process is located in Missoula County.

## GENERAL ALLEGATIONS

**8.**

On October 3, 2018, Plaintiff was working as a roofer for K & K Construction & Excavation, Inc. (K & K).  ESI hired K & K to perform roofing work on the

Beaverhead County High School expansion construction project in Dillon, Beaverhead County, Montana.  ESI acted as the general contractor on the project.

9.

On October 3, 2018, K & K was tasked with installing foam insulation and roofing membrane on the upper roof deck.  At approximately 4:30 p.m., the K & K crew began to clean up and organize the roofing materials for the end of the work day.  The roofing deck, which was still under construction, was situated approximately 18 feet above the ground.  Plaintiff went to pick up a pallet to use it to secure the foam insulation.  The pallet was lying loose on the deck surface covering a hole which was intended for the eventual installation of a roof hatch.

10.

Two other holes were cut into the roof to house rooftop HVAC units. Those holes were covered by ESI personnel with plywood.  The plywood was secured by ESI to the roofing deck with screws and marked "HOLE" with spray paint to provide warning of the hazard.  The pallet covering the hatch opening was not fastened in place to prevent accidental displacement.  Nor, was the pallet color coded or marked with the word "HOLE" or "COVER" to provide warning of the hazard.  The hatch opening was not guarded by a railing or any other system to prevent accidental falls through the opening.  ESI did not warn K & K or Plaintiff of the hatch opening hole in the roof deck before directing Plaintiff and the K & K crew to work on the roof.

**11.**

In the process of picking up the pallet on the roof deck, Plaintiff fell through the unprotected hole to the concrete slab below and suffered serious and permanent injuries as herein alleged.

**12.**

The work ESI hired K & K to perform, including the work Plaintiff was performing at the time of the incident, constituted inherently dangerous activity under Montana law.

**13.**

ESI assumed responsibility for safety and accident prevention on the subject project, pursuant to contract and based on the manner in which it controlled, and maintained the right to control, the work at the site.

**14.**

ESI had a non-delegable duty to provide Plaintiff with a safe place to work, with safe job supervision, and with reasonably safe tools and equipment with which to do the work.

**15.**

ESI was aware, or should have been aware, that the work being performed at the time of Plaintiff's injury created a peculiar risk of physical harm to Plaintiff and

other workers, unless special precautions were taken. ESI failed to ensure that special precautions were taken to prevent physical harm to Plaintiff.

16.

Each act of negligence or wrongful conduct alleged herein was committed by an employee or agent of ESI, who was acting within the course and scope of his or her employment or agency with ESI, and in furtherance of the business interests of ESI, and each negligent or wrongful act or omission alleged herein is imputable to ESI.

## FIRST CAUSE OF ACTION

**(Negligence of ESI)**

17.

Plaintiff realleges paragraphs 1 through 16 above as paragraphs 1 through 16 of this First Cause of Action.

18.

ESI had a duty to exercise reasonable care in the manner in which it conducted, controlled, and managed work performed on the Beaverhead County High School expansion construction project. ESI's duty included the duty to exercise care for the safety of others, including Plaintiff.

**19.**

ESI breached its duty by the manner in which it conducted, controlled, and managed work performed on the project. ESI's negligence, in addition to that herein alleged, consisted of:

    A.    Failing to provide safety training or consultation to contractors and workers on the project;

    B.    Failing to provide adequate supervision for the job and failing to properly supervise safety on the job;

    C.    Failing to provide and/or require the use of safety devices or procedures which could have prevented Plaintiff's injuries;

    D.    Failing to ensure, through contract or otherwise, that special precautions were taken to prevent physical harm to Plaintiff;

    E.    Failing to inspect and maintain the construction site and associated equipment in a reasonably safe condition;

    F.    Failing to warn Plaintiff and other workers of hazards on the project, including an unprotected hole in a work surface approximately 18 feet above the ground;

    G.    Failing to utilize, provide, and/or require the use of proper fall protection on the project;

H. Improperly covering a hole in a work surface, and also concealing a hole in a work surface, by covering the hole with a loose pallet;

I. Failing to protect workers on the project from falling through a hole in a work surface more than six feet above ground by a personal fall arrest system, a proper cover, or a guardrail system; and,

J. Violating applicable safety laws and regulations.

**20.**

As a result of ESI's negligence, Plaintiff suffered serious injuries and damages as herein alleged.

## SECOND CAUSE OF ACTION

**(Violation of § 50-71-201, MCA)**

**21.**

Plaintiff realleges paragraphs 1 through 20 above as paragraphs 1 through 20 of this Second Cause of Action.

**22.**

At the time of Plaintiff's injuries as herein alleged, ESI failed to provide him with a safe place to work and with reasonably safe tools and equipment with which to do the work, all in violation of § 50-71-201, MCA.

**23.**

As a result of ESI's violation of § 50-71-201, MCA, Plaintiff suffered serious and permanent injuries and damages as herein alleged.

## DAMAGES

**24.**

As a result of ESI's negligence and unlawful and wrongful conduct as herein alleged, Plaintiff fell approximately 18 feet to the concrete slab, suffering serious and permanent injuries, including fractures to his lumbar spine and sacrum and severe injuries to his left shoulder and arm.

**25.**

As a result of ESI's negligence and unlawful and wrongful conduct as herein alleged, Plaintiff has incurred, and will continue to incur, substantial medical expenses; he has experienced, and will continue to experience, physical and mental pain and suffering; he has suffered, and will continue to suffer, a loss of his personal services; he has suffered, and will continue to suffer, a loss of his established course of life; and he has suffered lost earnings, as well as loss of future earning capacity.

## PUNITIVE AND EXEMPLARY DAMAGES

**26.**

ESI's unlawful acts and omissions were willful, reckless, and malicious. Although ESI knew that its acts and omissions created a high probability of harm to

Plaintiff and others, it nevertheless deliberately acted in conscious disregard for and indifference to such risk. Such conduct justifies imposition of punitive or exemplary damages in a sufficient amount to punish ESI and to serve as a warning to other legal entities similarly situated.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against ESI as follows:

1. For reasonable compensation for past and future medical and related expenses;

2. For reasonable compensation for Plaintiff's lost earnings and loss of future earning capacity;

3. For reasonable compensation for Plaintiff's physical and mental pain and suffering;

4. For reasonable compensation for Plaintiff's loss of enjoyment of established course and way of life;

5. For reasonable compensation for Plaintiff's loss of personal services;

6. For punitive and exemplary damages;

7. For costs and disbursements incurred herein; and,

8. For such other and further relief as the Court may deem just.

DATED this 14th day of March, 2019.

          KOVACICH SNIPES JOHNSON, P.C.
          and
          McKEON LAW, PLLC

          BY:    /s/ Ben A. Snipes
                Ben A. Snipes
                P.O. Box 2325
                Great Falls, MT  59403
                Attorneys for Plaintiff